UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON ABADI,<br><br>    Plaintiff,<br><br>v.<br><br>QUICK CHEK CORPORATION,<br><br>    Defendant. | Civil Action No. 21-20272 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

**THIS MATTER** comes before the Court upon the Motion of Plaintiff, *pro se*, Aaron Abadi ("Plaintiff"), seeking leave to file an Amended Complaint to: add new defendants; assert a claim arising under the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 to 10:5-50, (the "NJLAD"); add more factual detail to his asserted claims; and increase his monetary damages claim (the "Motion"). (Dkt. No. 29). Defendant Quick Chek Corporation ("Defendant") opposes the Motion, (Dkt. No. 31), to which Plaintiff has replied, (Dkt. No. 32). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Leave to Amend.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

As the facts are well-known to the parties and the Court, they are not set forth at length herein. Instead, only those facts and procedural history related to the instant application are discussed herein.

1

This action arises out of Defendant's alleged denial of Plaintiff's access to its stores because Plaintiff did not wear a mask or protective face covering. By way of background, on March 21, 2020, in response to the COVID-19 pandemic, New Jersey Governor Phil Murphy (the "Governor") issued Executive Order 107 ("EO 107"),[1] which, *inter alia*, prohibited in-person gatherings and ordered New Jersey residents to "remain home or at their place of residence," except for certain approved purposes, such as an "educational, political, or religious reason." *See* N.J. Exec. Order 107 (Mar. 21, 2020); *Solid Rock Baptist Church v. Murphy*, 480 F. Supp. 3d 585, 589 (D.N.J. 2020) ("*Solid Rock I*") (citing N.J. Exec. Order 107 ¶ 2 (Mar. 21, 2020)). EO 107 excepted certain categories of businesses deemed "essential," including grocery stores, which could continue to welcome any number of persons, consistent with social distancing guidelines. *Solid Rock I*, 480 F. Supp. 3d at 588–89.

On June 26, 2020, the Governor entered Executive Order 157, which imposed a requirement for workers and customers to wear face coverings in all retail establishments. *See* N.J. Exec. Order 157 ¶ 1(l). That Executive Order, however, excepted face coverings where, *inter alia*, the covering would inhibit an individual's health. *Id.* The Executive Order further stated that "the business must decline the individual entry into the indoor premises" if the individual refuses to wear a face covering for non-medical reasons. *Id.*

On July 8, 2020, the Governor entered Executive Order No. 163, which required that when it was not practicable for "individuals in outdoor public spaces to socially distance and keep a six-foot distance from others[,] . . . all individuals shall wear face coverings." *See* N.J. Exec. Order 163 ¶ 1. The Governor again enhanced the masking requirement via Executive Order No. 192 on

---

[1] The Court may take judicial notice of the Executive Orders. *See Clark v. Governor of New Jersey*, 53 F.4th 769, 772 n.5 (3d Cir. 2022).

2

October 28, 2020, which reiterated that "employers may deny entry to the worksite to any customer or visitor who declines to wear a face covering". *See* N.J. Exec. Order 192 ¶ 1 (ii)(1). On or about May 24, 2021, the Governor issued Executive Order No. 242, which lifted the masking requirement for indoor, public spaces. *See* N.J. Exec. Order 242 ¶ 1.

On or about February 3, 2021 and May 19, 2021, Plaintiff entered Defendant's store located in North Brunswick, New Jersey (the "Store"), but was not able to purchase certain goods because he did not wear a face mask.[2] (*See* Dkt. No. 1). Plaintiff alleges that for months thereafter, Defendant denied him access to other stores. (Dkt. No. 1). On November 20, 2021, Plaintiff brought the instant action, alleging that Defendant discriminated against him and violated his rights under Title III of the Americans with Disabilities Act of 1992, 42 U.S.C. §§ 12101 *et seq.*, (the "ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.*, ("Section 504"). (Dkt. No. 1 at pp. 3-5).[3] Defendant denies Plaintiff's allegations and asserts various affirmative defenses. (*See generally* Dkt. No. 8).

Through discovery—and after raising certain discovery disputes with the Court—Defendant identified the employees working at the Store and/or for Defendant when Defendant denied Plaintiff access. (*See* Dkt. No. 23, 27). Those current and former employees of Defendant are: Tracy Ricart; Patricia Montemurno; Jahad Harris; Nicole Hopkins; Alana Martinez; and Mike Boylan[4] (collectively, the "Employees"). Plaintiff alleges that Tracy Ricart was a Store manager

---

[2] Plaintiff was permitted to purchase goods he could access without contact from an employee but could not purchase goods that required an employee to hand such goods to or from Plaintiff. (*See* Dkt. No. 1).

[3] All citations to page numbers herein refer to those automatically generated by the electronic filing system (PACER).

[4] It is alleged that Mike Boylan was the "District Lead" at Defendant and had responsibility over the Store at the time of the alleged denied access.

and that Mike Boylan was Defendant's "District Lead," with responsibility over the Store at the time of the alleged denial of access. (*See* Dkt. No. 29-3 at pp. 6, 8).

Plaintiff now seeks leave to add these Employees as named defendants in this action. (*See* Dkt. No. 29-3). In addition, Plaintiff seeks to amend his complaint to add specificity to his claims of discrimination based on his alleged disability and to assert a claim arising under the NJLAD. (*See* Dkt. No. 29-3 at pp. 8-12). Plaintiff also seeks to increase his claim for damages. (Dkt. No. 29-3 at p. 13). Through the Motion, Plaintiff argues that good cause exists for the amendments pursuant to the Federal Rules of Civil Procedure. (Dkt. No. 29 at pp. 1-2; Dkt. No. 29-1 at pp. 2-3, 9-12).

Defendant opposes the Motion. (Dkt. No. 31). Defendant argues that amendment is not warranted because the proposed amendments are futile. (Dkt. No. 31 at pp. 6-11). More specifically, Defendant contends that it complied with the Governor's Executive Orders and appropriately acted in response to the COVID-19 pandemic.[5] (Dkt. No. 31 at pp. 6-11). In addition, Defendant baldly states that Plaintiff brings the proposed amendments with undue delay and dilatory motives and that amendment would be unduly prejudicial. (Dkt. No. 31 at p. 11). However, Defendant's argument focuses only on an assertion that Plaintiff brings the proposed amendments in bad faith because the Court may infer that Plaintiff is litigious and is attempting to exert pressure on Defendant through the amendments. (Dkt. No. 31 at pp. 11-12). In reply, Plaintiff argues that the proposed amendments are not futile based on the Governor's Executive

---

[5] In arguing futility, Defendant appears to rely upon facts, without citation, that are not in the record or the pleadings, such as statements relating to Defendant's response to the COVID-19 pandemic. (*See* Dkt. No. 31 at pp. 9-10). Such unsupported factual contentions are not properly raised and therefore the Court disregards them on the instant Motion. Rather, the Court, as it must, considers the futility of Plaintiff's proposed pleadings based on the proposed allegations, the Executive Orders of which the Court may take judicial notice, and applicable law.

4

Orders because those Executive Orders excepted face masks if they "would inhibit [an] individual's health." (Dkt. No. 32 at pp. 2, 32). Plaintiff also disputes Defendant's contention that the proposed amendments are sought as litigation tactic, contending that they are sought in good faith. (Dkt. No. 32 at pp. 6-8).

## II.   LEGAL STANDARD

When presented with a request to amend under Rule 15(a)(2), courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Rule 15(a) permits "a party to assert matters that were overlooked or were unknown at the time the party" filed its original pleading; the Rule, thus, aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted).

In the Court's discretion, however, the Court may deny a motion for leave to amend where: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). These factors are not exhaustive and the Court may consider "additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (footnotes omitted).

In considering whether a party seeks to amend in bad faith, the Court does not consider whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See Livingstone v. Haddon Point Manager LLC*, No. 19-13412, 2020

5

WL 7137852, at *3 (D.N.J. Dec. 7, 2020) (citation omitted). Rather, the question of bad faith focuses on a party's motives for not amending its pleadings sooner. *See Zelma v. Choice Energy, LLC*, No. 19-17535, 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

Further, a court will deny leave to amend if the amendment would be futile; that is, it is "frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In reviewing proposed pleadings for futility, courts must "accept all well-pleaded allegations in the [amended] complaint as true and draw all reasonable inferences in favor of" the party seeking to amend. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III.   DISCUSSION

Here, the crux of Defendant's opposition relates to futility and bad faith;[6] accordingly, the Court considers those bases only on this Motion. (*See generally* Dkt. No. 31).

---

[6] Defendant offers only a conclusory statement in a header in its brief and boilerplate case law, without application, for its proposition that the proposed amendments are unduly delayed and/or prejudicial and brought with a dilatory purpose. (*See* Dkt. No. 31 at p. 11). Accordingly, the Court does not find those arguments properly before the Court on this Motion.

The Court first considers Plaintiff's request to add seven (7) new defendants and denies the request as futile. First, while suits arising under Section 504 may be brought against "recipients of federal financial assistance," they cannot be brought against individuals. *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007); *see also Dews v. Link*, No. 18-4285, 2021 WL 2223795, at *2 (E.D. Pa. June 2, 2021). Second, as to Plaintiff's claim arising under the ADA against the Employees, Plaintiff cannot seek monetary damages. *See Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019) ("But damages are not available under Title III of the ADA." (citing 42 U.S.C. §§ 2000a-3(a), 12188(a)(1); *see also Bowers v. NCAA*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages.")). Notably, Plaintiff's proposed amended complaint seeks also injunctive relief that "going forward, [he does] not need to wear a mask in [Defendant's] stores, in spite of government mandates, due to [his] disability." (Dkt. No. 29-3 at p. 13). However, that is not relief that can be plausibly entered against the individual Employees, some of whom are no longer employed with Defendant. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Moreover, Plaintiff's injunctive relief raises questions of whether such requested relief is now moot, considering the Governor no longer requires masking in places of public accommodation. *Clark v. Governor of New Jersey*, 53 F.4th 769, 775-76 (3d Cir. 2022).

Further, as to Plaintiff's proposed NJLAD claim as asserted against the Employees, the Court also finds such individual claims futile. To assert a claim for individual liability under the NJLAD, the individual "must actually intend to facilitate discrimination." *Jones v. Jersey City Med. Ctr.*, 20 F. Supp. 2d 770, 774 (D.N.J. 1998). Further, courts have found that the NJLAD "'does not impose individual liability upon non-supervisory employees.'" *Prioli v. County of Ocean*, No. 18-256, 2021 WL 4473159, at *23 (quoting *K.J. v. Greater Egg Harbor Reg'l High*

7

*Sch. Dist. Bd. of Educ.*, 431 F. Supp. 3d 488, 514-15 (D.N.J. 2019)). Here, Plaintiff seeks to assert claims against non-supervisory employees of Defendant; those claims, however, are futile. *See id.*

Plaintiff, arguably, seeks to add two supervisors: one of the managers of the Store, Tracy Ricart; and Defendant's "District Lead," Mike Boylan. (Dkt. No. 29-3 at pp. 6, 8). A supervisor may be liable under the NJLAD only if he "engages in affirmative acts of discrimination . . . within the scope of the individual's employment." *See e.g., Jones*, 20 F. Supp. 2d at 774 (citations omitted); *DeSantis v. New Jersey Transit*, 103 F. Supp. 3d 583, 591 (D.N.J. 2015); *Cicchetti v. Morris Cnty. Sheriff's Office*, 194 N.J. 563 (2008). For a supervisory employee to be liable under the NJLAD, the plaintiff must allege sufficient, plausible facts to show:

> (1) the employer whom the [individual] defendant aided performed a wrongful act causing an injury; (2) the [individual] defendant was generally aware of his role as part of an overall illegal or tortious activity at the time that he provided the assistance; and (3) the defendant knowingly and substantially assisted the principal violation.

*DeSantis*, 103 F. Supp. 3d at 591 (citing *Cicchetti*, 194 N.J. at 593). Considering Plaintiff's proposed amended claims as against the individual defendants, Plaintiff does not assert sufficient plausible facts to impose individual liability on the Employees, including the supervisory employees, under the NJLAD. While Plaintiff alleges that some of the Employees were present and/or spoke to Plaintiff at the time of the incidences at issue, Plaintiff does not assert any plausible fact to suggest that these individuals were "generally aware of [their] role as part of an overall illegal or tortious activity," particularly in light of the Executive Orders in place at the time. *See id.; see also Prioli*, 2021 WL 4473159, at *24 ("Plaintiff must establish active and <u>purposeful</u> conduct on the part of Individual Defendants." (emphasis supplied)). Mere presence is insufficient. *Prioli*, 2021 WL 4473159, at *24.

8

Accordingly, the Court denies Plaintiff's Motion to the extent it seeks to add the Employees as named defendants. *See DeSantis*, 103 F. Supp. 3d at 591.

As to Plaintiff's request to add the NJLAD claim as asserted against Defendant, add additional factual detail to its complaint, and increase his claim for damages, the Court grants that request. The proposed amended complaint includes sufficient factual allegations to assert a plausible NJLAD claim against Defendant based on the applicable standard discussed above; and the Court declines to find such amendments futile as asserted against the entity.

Moreover, Defendant has failed to establish that Plaintiff seeks to amend his complaint in bad faith. "The fact that a party wishes to place itself in the strongest possible position does not, in itself, demonstrate bad faith or dilatory motive." *Spiderplow, Inc. v. Site Energy*, No. 16-2318, 2017 WL 11477633, at *3 (D.N.J. Feb. 8, 2017). Plaintiff filed his Motion within the Court ordered deadlines and upon receiving additional discovery from Defendant, which followed after extensive discovery disputes between the parties over the identity of the individual employees who worked with Defendant at the time of the incidents at issue. That Plaintiff may want "to 'resolve' this case" is insufficient to establish that the proposed amendments are sought in bad faith, and the Court declines Defendant's offer to infer improper motives on the part of Plaintiff without more than pointing to his attempt to obtain discovery from the non-party individuals involved in the incidents at issue.

Accordingly, the Court grants Plaintiff's Motion to the extent he seeks to amend his complaint to add a NJLAD claim against Defendant, add additional factual detail to the complaint, and increase his claim for damages.

## IV.   CONCLUSION

For the reasons set forth above,

9

**IT IS, THEREFORE**, on this 13th day of June 2023,

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is hereby **DENIED IN PART** to the extent Plaintiff seeks to add additional defendants to this action; and it is further

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is hereby **GRANTED IN PART** as to Plaintiff's other proposed amendments as asserted against Defendant; and it is further

**ORDERED** that Plaintiff shall file an Amended Complaint consistent with this Memorandum Opinion and Order within fourteen (14) days of the entry of this Order; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 29.

**SO ORDERED.**

                                                                             _____
                                                                             **RUKHSANAH L. SINGH**
                                                                             **UNITED STATES MAGISTRATE JUDGE**