**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AARON ABADI,<br><br>Plaintiff,<br><br>v.<br><br>QUICK CHEK CORPORATION,<br><br>Defendant. | Civil Action No. 21-20272 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Quick Chek Corporation's ("Defendant") motion to dismiss (ECF No. 39) *pro se* Plaintiff Aaron Abadi's ("Abadi") First Amended Complaint (ECF No. 37). Abadi opposed (ECF No. 45), and Defendant replied (ECF No. 48). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court grants Defendant's motion.

# I. BACKGROUND

## A. Factual Background[1]

This action arises out of Defendant's alleged refusal to serve Abadi during the COVID-19 pandemic because Abadi was not wearing a face mask.[2]

Defendant is a corporation with convenience "stores all over New Jersey." (Am. Compl. *7, ECF No. 37.[3]) Abadi visited Defendant's store in North Brunswick, New Jersey (the "QuickChek") on February 3, 2021, and May 19, 2021, during the COVID-19 pandemic. (*Id.* *6-7.) Abadi did not wear a face mask during either visit because he has a sensory disorder that prevents him from doing so. (*See generally id.*) Because he was unmasked each time he entered the QuickChek, the staff requested that Abadi exit the store and prevented him from purchasing items from behind the counter, although he was able to purchase goods using the self-checkout machine. (*Id.* at *4-6.) Abadi informed the staff on both occasions that he was exempt from New Jersey's COVID-19-related mask mandate due to his medical condition, but the staff still refused to serve him. (*Id.*)

---

[1] The Court accepts all factual allegations in the First Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] The Court notes that Abadi has filed numerous similar actions against other entities, including some in courts within the Third Circuit. *See, e.g.*, *Abadi v. Marina Dist. Dev. Co.*, No. 24-1188, 2024 WL 3984032, at *1 (3d Cir. Aug. 29, 2024); *Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373, at *1 (3d Cir. June 16, 2023); *see also Abadi v. Greyhound Lines, Inc.*, No. 25-38, 2026 WL 1064591, at *1 (2d Cir. Apr. 20, 2026); *Abadi v. Nat'l R.R. Passenger Corp.*, No. 1:22-3684, 2024 WL 4441737, at *3 n.1 (D.D.C. Oct. 7, 2024) ("Abadi is a prolific filer in federal court." (citations omitted)), *aff'd*, No. 24-7172, 2025 WL 796106 (D.C. Cir. Mar. 12, 2025).

[3] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

### B. Procedural Background

Abadi filed his Complaint, along with an application to proceed *in forma pauperis* ("IFP"), on November 30, 2021. (Compl., ECF No. 1; IFP App., ECF No. 1-1.) The Court granted Abadi's IFP application (ECF No. 4), and Plaintiff's Complaint was filed on December 6, 2021.

In November 2022, after engaging in discovery, Abadi filed a motion to amend his Complaint and add several individual defendants. (Pl.'s Mot. to Amend, ECF No. 29.) On June 13, 2023, the Court partially granted Abadi's motion to amend, permitting him to: (1) add a state claim under the New Jersey Law Against Discrimination ("NJLAD"); (2) add factual details; and (3) increase his claim for damages. (*See* June 13, 2023, Mem. Op. & Order 9, ECF No. 34.) The Court, however, denied Abadi's request to add additional defendants. (*Id.*) Abadi then filed his First Amended Complaint (Am. Compl., ECF No. 37) and, one day later, a motion for reconsideration (ECF No. 38) of the June 13, 2022, Memorandum Opinion and Order. The Court denied the motion for reconsideration (ECF No. 44), and Abadi appealed to the Third Circuit (ECF No. 46).[4] Meanwhile, on July 10, 2023, Defendant filed this motion to dismiss. (Def.'s Mot. to Dismiss, ECF No. 39.) The Court administratively terminated Defendant's motion pending resolution of Plaintiff's appeal. (ECF No. 49.) The Third Circuit dismissed Abadi's appeal for lack of jurisdiction (ECF No. 56) on April 17, 2026, and the Court reactivated Defendant's motion to dismiss (ECF No. 57).

Abadi's First Amended Complaint asserts three causes of action against Defendant for violations of: (1) Title III of the Americans with Disabilities Act ("ADA") ("Count One"); (2) the Rehabilitation Act ("Count Two"); and (3) the NJLAD ("Count Three"). (*See generally* Am.

[4] Abadi also filed a motion (ECF No. 50) to allow appeal of Judge Singh's June 13, 2022, Memorandum Opinion and Order to the Undersigned. The motion was denied. (ECF No. 52.)

Compl.) Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] (*See generally* Def.'s Moving Br., ECF No. 39-5.) Embedded within Defendant's moving brief is an Article III challenge as to Plaintiff's standing under Count One. (*Id.* at 21-22.) Such a challenge must be considered under Rule 12(b)(1).[6] *Pontes v. Rowan Univ.*, No. 20-2645, 2021 WL 4145119, at *2 (3d Cir. Sep. 13, 2021) (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.")). Plaintiff filed an opposition brief (Pl.'s Opp'n Br., ECF No. 45), and Defendant filed a reply brief (Def.'s Reply Br., ECF No. 48).

## II. <u>LEGAL STANDARD</u>

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss a matter for want of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject

[5] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[6] Although Defendant did not move for dismissal under Rule 12(b)(1), the Court "is required to raise issues of standing sua sponte if such issues exist." *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001).

matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B. Rule 12(b)(6)**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court must conduct a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most

favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state that the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc.*, 926 F.2d at 1409).

In assessing a *pro se* plaintiff's complaint, the court construes a plaintiff's allegations liberally. *Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Defendant moves to dismiss Count One for lack of Article III standing and Counts Two and Three for failure to state a claim. (*See generally* Def.'s Moving Br.) The Court will address each count in turn.

### A. Count One

Abadi alleges that, by refusing to serve him, Defendant violated Title III of the ADA, which prohibits discrimination "on the basis of disability . . . [in] any place of public accommodation."

42 U.S.C. § 12182. Defendant argues that Abadi "lacks constitutional standing to raise his Title III claims because there is no ongoing threat that any of his rights will be violated." (Def.'s Moving Br. 21.) The Court agrees with Defendant.

To bring his ADA claim, Abadi must have standing to seek injunctive relief because Title III provides only for such relief, not monetary damages. 42 U.S.C. § 12188(a); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003). A plaintiff seeking to establish standing for injunctive relief must "allege[] facts giving rise to an inference that he will suffer future discrimination by the defendant." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2002).

Under Article III, a plaintiff has standing if he has: "(1) suffered an injury in fact[;] (2) that is fairly traceable to the challenged conduct of the defendant[;] and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). The "'injury in fact' inquiry is often determinative of standing." *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021). "The requirements for an injury-in-fact are well established: a plaintiff must show that [he has] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 223 (D.N.J. 2022) (quoting *Lujan*, 504 U.S. at 560). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted). As such, the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending*

to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* (alteration in original) (citations omitted).

Here, however, Abadi has not alleged sufficient facts to suggest he will suffer a similar injury in the future. Abadi's claims are premised on two encounters in the first half of 2021, and New Jersey's COVID-19 mask mandate for indoor retail spaces was lifted on May 28, 2021, nine days after Abadi's second visit to the QuickChek and roughly six months prior to the filing of this action. (*See* Am. Compl. *6); *see also* N.J. Exec. Order 242 ¶ 1. Abadi argues that mask requirements may someday be reimposed (Am. Compl. *10-11; Pl.'s Opp'n Br. 11), but—as the Third Circuit has reiterated in the multiple similar cases brought by Abadi—this assertion is too speculative to establish standing. *See, e.g., Marina Dist. Dev. Co.*, 2024 WL 3984032, at *2 ("Abadi lacked standing to pursue injunctive relief under Title III"); *Target Corp.*, 2023 WL 4045373, at *2 ("Abadi['s] . . . contentions are too speculative to establish Article III standing." (citing *Lujan*, 504 U.S. at 560; and then citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000))). Abadi has not shown that a "threatened injury is certainly impending," and therefore he lacks standing to pursue relief under Title III of the ADA. *See Clapper*, 568 U.S. at 401.

Accordingly, the Court dismisses Count One without prejudice. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of [the] amended complaint should have been without prejudice.").

**B. Count Two**

Abadi next alleges that Defendant violated the Rehabilitation Act by "discriminat[ing] against him due to his disability and . . . not allow[ing] him equal access" to the QuickChek. (Am.

Compl. *11.) He alleges "that Defendant . . . is a recipient of federal funds and thus is liable" under the Rehabilitation Act. (*Id.*) Defendant argues that Abadi's relevant allegations are conclusory and therefore he has failed to state a viable claim. (Def.'s Moving Br. 24-25.)

For a Rehabilitation Act claim, Abadi must plead facts plausibly alleging: "(1) that he has a disability; (2) that he is otherwise qualified for the benefit that has been denied; (3) that he has been denied the benefit solely by reason of his disability; and (4) that the benefit is part of a program or activity receiving Federal financial assistance." *Baxter v. Pa. Dep't of Corr.*, 661 F. App'x 754, 757 (3d Cir. 2016) (citing *Wagner by Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1009 (3d Cir. 1995)). The fourth requirement is dispositive here because the Rehabilitation Act applies only to certain "program[s] or activit[ies]." 29 U.S.C. § 794(a). A corporation, like Defendant, qualifies as a "program or activity" if: (1) federal "assistance is extended to [the] corporation . . . as a whole"; or (2) the corporation is "principally engaged in the business of providing education, health care, housing, social services, or parks and recreation . . . any part of which is extended Federal financial assistance." 29 U.S.C. § 794(b)(3)(A).

Here, Abadi's allegations do not establish that Defendant is a "program or activity" subject to the Rehabilitation Act. (*See id.*) Abadi alleges, simply, that Defendant "is a recipient of federal funds." (Am. Compl. *11.) Without more, this is the type of factually unsupported allegation that cannot survive a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678. Abadi, moreover, neither alleges that any federal funding is "extended to [Defendant] as a whole" nor that Defendant is principally engaged in the provision of "education, health care, housing, social services, or parks and

recreation."[7] 29 U.S.C. § 794(b)(3)(A). Because Abadi has not adequately alleged that Defendant is a "program or activity" under the Rehabilitation Act, he has not plausibly stated a claim for relief under the statute.

Accordingly, the Court dismisses Count Two without prejudice.

### C. Count Three

Abadi's sole remaining cause of action is a state law claim under NJLAD.[8] Abadi alleges that "Defendant[] withheld from and denied to [him] the facilities and privileges of utilizing, purchasing food, and enjoying their public accommodation in peace, which is located in the State of New Jersey." (Am. Compl. *11.) He further alleges that he "was clearly not a direct threat or significant risk." (*Id.* at *7.) Defendant argues that Count Three should be dismissed because courts considering similar claims have concluded that corporations were not required to grant individuals without face masks access to their establishments during the COVID-19 pandemic given that those

[7] In his opposition brief, Abadi points to a list of grants allegedly prepared by the United States Treasury and asserts that Defendant received $238,652 from the federal government. (Pl.'s Opp'n Br. 12.) This allegation, however, was not in the First Amended Complaint. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)). And even if it had been, it is insufficient to show that the government financially assisted Defendant "as a whole" because the list appears to show Defendant received a one-time grant, in 2009, for "Solar Electricity." Such targeted financial grants do not transform a corporation into a "program or activity" under the Rehabilitation Act. *See Target Corp.*, 2023 WL 4045373, at *2.

[8] Defendant argues that, if the federal claims in Counts One and Two are dismissed, this Court should decline to exercise jurisdiction over Count Three because Defendant "has stores in New York, which [Defendant] submits defeats diversity jurisdiction." (Def.'s Moving Br. 27.) A corporation's mere operation of stores in a state is, however, insufficient to establish citizenship in that state; complete diversity remains present here. (Am. Compl. *3 (alleging Abadi is a New York citizen and Defendant is a New Jersey citizen)); 28 U.S.C. § 1332(c)(1). Regardless, this Court has discretion to exercise supplemental jurisdiction over Abadi's state law claim because it is related to and forms part of the same controversy as his federal law claims. 28 U.S.C. § 1367(a), (c). The Court elects to do so here in the interests of "judicial economy, convenience, and fairness to litigants." *Osborn v. Haley*, 549 U.S. 225, 245 (2007).

individuals posed a "direct threat" to health and safety.[9] (Def.'s Moving Br. 33-34; Def.'s Reply Br. 3-4.)

The NJLAD prohibits discrimination against individuals with disabilities and requires "place[s] of public accommodation" to make reasonable accommodations for such individuals to access their facilities and services. N.J. Stat. Ann. 10:5-4; *Lasky v. Moorestown Township*, No. 09-5624, 2011 WL 4900007, at *4 (D.N.J. Oct. 14, 2011). The NJLAD, however, "is interpreted in accord with the ADA." *Marina Dist. Dev. Co.*, 2024 WL 3984032, at *3 (citing *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 70 (3d Cir. 1996)). Courts, therefore, apply the test employed for ADA claims, under which a plaintiff must show that: (1) he is disabled; (2) the allegedly discriminatory defendant is a "public accommodation"; and (3) the defendant "unlawfully discriminated against him on the basis of his disability by (a) failing to make a reasonable modification that was (b) necessary to accommodate his disability." *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019).

The NJLAD and ADA both exempt a business from making an accommodation if doing so "would impose an undue burden . . . or serious harm." *Abadi v. Marina Dist. Dev. Co.*, No. 22-314, 2024 WL 480712, at *4 (D.N.J. Jan. 29, 2024) (first citing *Frilando v. Bordentown Driver Training Sch., LLC*, No. 15-2917, 2017 WL 3191512, at *9 (D.N.J. July 27, 2017); and then citing N.J.A.C. § 13:13-4.11), *aff'd*, No. 24-1188, 2024 WL 3984032 (3d Cir. Aug. 29, 2024). Under this exception, a business need not accommodate an individual if he "poses a direct threat to the health or safety of others." *Id.* (quoting 42 U.S.C. § 12182(b)(3)). An individual poses a "direct threat" if

---

[9] Defendant's main argument on the NJLAD issue rests on its "appended . . . Position Statement and two (2) documents" showing its COVID-19 policies, along with unsupported assertions about accommodations it made for customers during the pandemic. (Def.'s Moving Br. 29-31.) The Court declines to consider these assertions and documents because doing so would be inappropriate on a motion to dismiss. *Schmidt v. Skolas*, 770 F.3d 241, 249-50 (3d Cir. 2014).

"a significant risk to the health or safety of others . . . cannot be eliminated by a modification of policies, practices, or procedures." 42 U.S.C. § 12182(b)(3).

Entities are required to make "an individualized assessment" of whether an individual poses a direct threat. 28 C.F.R. § 36.208(b). This assessment must be "based on a reasonable judgment that relies on current medical knowledge or on the best available objective evidence" to ascertain the "nature, duration, and severity of the risk" and the "probabilities the disease will be transmitted and will cause varying degrees of harm." *Abadi v. Target Corp.*, No. 23-2892, 2024 WL 1715403, at *1 (3d Cir. Apr. 22, 2024) (citing *Doe v. County of Center*, 242 F.3d 437, 447 (3d Cir. 2001)); 42 U.S.C. § 12182(b)(3).[10]

The parties do not dispute Abadi's asserted disability, nor do they dispute that Defendant is a place of "public accommodation" under NJLAD. (*See generally* Def.'s Moving Br.) The core dispute here is whether Abadi posed a direct threat to the health and safety of others and whether, consequently, Defendant acted reasonably when it denied Abadi's request to remain in the QuickChek and order items from behind the counter without a mask.

In denying Abadi's request, Defendant relied on "current medical knowledge or on the best available objective evidence." 42 U.S.C. § 12182(b)(3). As the Executive Order attached to the First Amended Complaint states, New Jersey's COVID-19 mask requirements were "in place . . . to save lives" because COVID-19 presented "ongoing risks" and "face coverings have been demonstrated to significantly reduce the risk of COVID-19 transmission from person-to-person contact, and . . . [are] particularly necessary in high-risk indoor environments" like retail

---

[10] Courts assessing reasonableness should give special weight to the views of public health authorities like the Centers for Disease Control ("CDC"). *Target Corp.*, 2024 WL 1715403, at *1 (citing *Bragdon v. Abbott*, 524 U.S. 624, 649-50 (1998)).

businesses. (Am. Compl., Ex. 10 at 2-3, ECF No. 37-1.[11]) During both of Abadi's visits to the QuickChek, New Jersey's COVID-19 mask mandate was in place. (*See* Am. Compl. *5-6); N.J. Exec. Order ¶ 192(ii)(1). Another exhibit shows that the CDC advised individuals to "[w]ear a mask that covers your nose and mouth to help protect yourself and others" from COVID-19.[12] (Am. Compl., Ex. 8, ECF No. 37-1 (advising individuals to "wear masks indoors in public spaces to reduce the spread" of COVID-19).)

Because the objective evidence indicated a significant risk of respiratory transmission of COVID-19 from those without face coverings in February and May 2021, to perform the requisite individualized assessment, Defendant was required to assess solely whether Abadi was wearing a face mask.[13] *See Marina Dist. Dev. Co.*, 2024 WL 480712, at *4 (collecting cases and concluding that "[w]hen determining whether an individualized assessment . . . was conducted . . . district courts throughout the country look only to whether the plaintiff was wearing a face covering . . . . If not, challenges [like Abadi's] are routinely dismissed."). It is undisputed that, as alleged, Abadi

---

[11] The Court may consider matters of public record and documents attached to or submitted with the First Amended Complaint without converting Defendant's motion to dismiss into one for summary judgment. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[12] By May 2021, just days before Abadi's second visit to the QuickChek, "the CDC indicated that COVID-19, a highly transmissible respiratory virus, had contributed to more than 580,000 deaths in the United States." *Marina Dist. Dev. Co.*, 2024 WL 3984032, at *3 (citing *COVID Data Tracker*, CDC (May 14, 2021), https://web.archive.org/web/20210514092301/https://covid.cdc.gov/covid-data-tracker/#datatracker-home). The CDC further reported that "[h]alf of the transmissions of the virus occurred from those without symptoms." *Id.* (citation omitted). "The Court may take judicial notice of information published to government websites on a motion to dismiss without converting it into a motion for summary judgment." *See Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 457 n.2 (D.N.J. 2023).

[13] As the Third Circuit has clarified, "it was the *consequence* of Abadi's sensory disorder—that he could not wear a mask—rather than the disorder itself that implicated the significant risk of respiratory transmission of COVID-19." *Marina Dist. Dev. Co.*, 2024 WL 3984032, at *3 n.4 (citation omitted).

was not wearing a mask while in the QuickChek. (Am. Compl. *5-6.) As a result, even when reading the First Amended Complaint in the light most favorable to Abadi, it is clear the requirements of the direct threat exception are met, and Abadi has failed to state an NJLAD claim for which relief can be granted. *See Ames v. Am. Radio Relay League, Inc.*, 716 F. App'x 115, 118-19 (3d Cir. 2017) (finding Rule 12(b)(6) dismissal appropriate if an affirmative defense is apparent on the face of the complaint).

Accordingly, the Court dismisses Count Three without prejudice.[14]

## IV. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: 9/24/, 2026

[14] The Court does not reach Defendant's remaining arguments.